Our second case this morning is United States v. Jefferson. Mr. Davis. Good morning, Your Honors. May it please the Court, I'm Attorney John Davis. I'm here for the defendant appellate Phillip John Jefferson. I'd like to use my time basically for at least three areas. One is the Brady v. Maryland case. Also in my brief I mentioned some areas where I felt that the prosecutor acted in a pernicious manner. I want to spend a little time on that. And also the other issue is whether or not under our Constitution, did the defendant have an ability to confront his accusers, that is the victims. In Brady v. Maryland, that case sets forth that the government, and they have the power and authority and ability to develop a case such that even exculpatory information which would come to them much easily than it would come to a person who's been accused of the crime. Mr. Davis, before you get too far into the merits of the arguments that you've raised on appeal, if you would please address the shortcomings in your briefing under Rules 28 and 30, Circuit Rules 28 and 30. A great number of your appellate arguments rest on parts of the record below and decisions made by the district judge that you did not provide with your opening brief. The motion in limine, the judge's ruling on the motion in limine, the judge's ruling post-verdict, and several other arguments are squarely dependent upon rulings or ask us to review rulings of the district judge that you did not supply to us. Right. Well, Jan, in reference to the motion in limine, I had asked the court to require that the government provide certain information regarding their investigation. I was informed by the court that it could not provide that information to me until trial.  I think you're missing my point, which is that you didn't produce the ruling that you're seeking review of. It's never been transcribed. You didn't order it transcribed. And so we just don't have it. It's absent from the record. I see what you're saying. And with respect to your many challenges to the district judge's post-verdict rulings, you didn't supply that transcript either, that we have from the government. But it's your obligation to include it. I understand that. And it was missing. I see. Well, Your Honor, and obviously I'm not able to go forward on those two areas since I did not provide it. I thought I had provided everything there in reference to the motion in limine and the court's ruling in regards to our asking for an acquittal. So I can't go forward today on those areas. So respectfully, I'd like to go forward on the other issues that I did provide. You may proceed. Yes. As I was indicating, Your Honor, and Your Honor, in Brady v. Maryland, I am saying that the government, the prosecutors, are required to do an investigation that brings out anything exculpatory and otherwise and provide that to the defendant. I'm saying that the government did not do that. In fact, the evidence suggests that the government may have tried to, not purposely, but avoid bringing out any information that would be on to Brady and would be exculpatory. And I say that because one of the witnesses, the government's witness in testimony, testified that she worked for IRS, and she was directed to do a research as to whether or not there was a trust other than the trust that defendant claims that he was seeking. And she indicated that she went into the research with going into the system with lower case. Almost everyone today knows that a lot of governmental documents, official documents, are case sensitive. They're either upper case or lower case. Well, she indicated that she went into the research on whether or not there was some trust that had earned any kind of interest and was entitled to a refund. She used lower case in response to my question. And she said that I asked, why didn't she use upper case? Because most documents, particular official documents, are in upper case. In fact, the check was issued in upper case. She said she was instructed not to look at anything but lower case. So since things are case sensitive, nothing she would have brought up in that research would support any other type of trust other than the trust that Mr. Jefferson put into Wyckoffer Bank when he deposited the check. The only trust that she could come up with would be a trust that didn't have an interest, didn't earn anything. Mr. Davis, what was actually suppressed? I'm not quite sure I'm tracking with your argument. Brady is an anti-suppression rule. It's not a duty to investigate further. So what is it that you're claiming was actually suppressed? Well, I'm claiming what happened, Your Honor, is that what was suppressed under Brady, it appears that the government did a type of research that avoided pulling up anything that would show that there was another trust. First of all, in my brief, I indicated that the Treasury Department has many, and that's where the check came from, the Treasury Department has numerous divisions. Social Security is one. Whether or not Mr. Jefferson was searching out and trying to get some money from his Social Security, we never could bring that up because the government did not indicate and avoided coming up with any other trust other than a trust that didn't appear. It is case sensitive. It's uppercase or lowercase. And I'm saying Brady requires that the government, when they're asking for information from the Treasury Department, they must ask them for everything they have. And if they were receiving everything they had, they would have received other trusts in Mr. Jefferson's name, which would be Social Security. So that avoided the Brady thing, and I'm saying that they did not comply with the Brady-Maryland requirements. Secondly, during the trial, in fact, Mr. Jefferson did not take the stand. I did my closing arguments, and in the course of my argument, and this is where my brief speaks about what I felt was pernicious activities of the government, there were numerous objections. None were founded. None were sustained. I eventually asked for a sidebar, and at the sidebar, I indicated to the court why I made this objection. Each time the court did not sustain overruled objection, the court made the comment, the jury should understand that the attorney's arguments and statements are not evidence. Well, each time he said that, I felt caused the jury to zone out. And then the court said that I made a statement that Mr. Jefferson availed himself of certain things, administrative things. I said I did not say that, Your Honor. Well, the documents show that I didn't say it. So what I'm saying to the court and what I said in my brief was that even the judge missed, heard, or didn't hear what I said. So therefore, was the jury really able to follow my argument, or were they able to zone out, particularly when the judge didn't hear something properly? And so I'm going to reserve the rest of my time for rebuttal. Thank you. Mr. Fullerton. Good morning. May it please the court? I confess I don't quite understand Mr. Jefferson's, Mr. Davis's Brady argument. He did not identify any Brady material in the district court. He has not identified any in his brief, and he hasn't identified any today. There is none. The existence of this issue of whether the IRS employee searched for records under the name of the trust using lowercase or uppercase letters is entirely irrelevant. The witness testified that she looked for the records of the Philip Jefferson Trust, Akeen Amman Badubay trustee, under the employer identification number assigned to that account or taxpayer in the IRS record system, and she produced records that corresponded to that EIN number. There was no evidence that there was any other trust that had anything to do with Mr. Jefferson, certainly none that the government was aware of. So I'm kind of baffled, and the district court certainly did not commit plain error in refusing to grant a new trial on that basis. As for the claim of government misconduct during closing argument, the district court in its post-trial ruling emphatically rejected that claim and in detail went through the objections raised by the government during defense closing at trial and found that there had been no bad faith at all, that none of the objections had been improper, and that the misconduct claim was meritless. That was not clearly erroneous. The objections were not made in bad faith. They were not sustained, but they could have been, and the district court said that they could have been as well. Two examples we give in the brief are one to a defense argument that the thrust of which was to add to the government's burden of proof at trial by seeming to require the government to specify some account or ledger that had been the specific victim of Mr. Jefferson's actions, which is, of course, not an element of the crime. And the second was a seeming attempt at nullification by bringing up the fact that when Mr. Jefferson had been approached by the IRS revenue people after the issuance of the check and its cashing, he was informed of the administrative procedures by which he may contest their claim of their notice that he had wrongly issued this money and he should give it back. And the suggestion was that, well, this was a civil matter, not a criminal matter. And that was properly objected to. You can't nullify in a criminal case by suggesting that it's not a criminal matter at all. At any rate, there was sufficient evidence to convict him. In fact, the evidence was overwhelming. And the arguments raised or claims raised in Mr. Jefferson's brief and here this morning, we submit our merit list. So we'd ask you to affirm the judgment of the district court. Thank you. Mr. Davis. Yes, thank you. Just briefly, in a few minutes I have left, I did indicate, and I think it's due diligence that's required under Brady. I don't believe the government filed due diligence in finding any exculpatory information. I think they were required to do that. I spoke about being able to identify your accusers. And the Treasury Department has several divisions. So if somebody accuses somebody of robbing the Chase Bank and would not tell them what Chase Bank, how did they defend themselves? The government could have provided information showing that, yeah, there's a Social Security account, but that's not the way he attempted to get this money. Again, he was denied that opportunity. Lastly, in the jury's deliberation, the jury was instructed to go and take their lunch, bring their lunch back, and start deliberating. I just feel that they were almost instructed to eat, eat their lunch, and concentrate on something very important. That is this liberty and the freedom and the guilt of this man. I don't think that's proper to have even instructed jury to divide their attention on eating lunch and deliberating on the evidence. I think that denied Mr. Jefferson of the full attention and a complete jury trial. I think based on those facts, based on the government did not identify specifically the identity of the entity that the property belonged to, was another flaw. And it's a constitutional flaw. You have a right to confront your accusers. And I think it may be a very seemingly technical, but the government and the Treasury Department is a very large division and suggests that you checked and the check could have come from only one place. Denied the defendant an opportunity to argue that here's where I was attempting to get it. Whether he made a mistake or not, whether he used the wrong document or not, is not the question. It's the question that he could defend himself against who was the proper and rightful owner of the property. I think he was denied that opportunity in reference to not knowing the identity of the division of the Treasury Department. And also when the court directs the jury to divide their attention, I think that's improper also. So he's not able to defend himself thoroughly. I think based on that, if not an acquittal, he should be allowed to have a new trial and really properly prepare and defend his case against the charges. The government is saying that he doesn't have a complaint. Everything was done properly. He was duly convicted, but the evidence does not show that. And also the last thing, and I brought that up to the jury, everything about the case suggests that this person made a mistake, if nothing else. He reaches middle age and suddenly he wakes up one day and he thinks he's going to get $300,000 from the government and nobody's going to notice it. The government argued that the Treasury IRS did not have the right to be or weren't required to be prudent. Well, as you throw some money at someone, you don't check. Suddenly you check the second time they ask for some funds and you find out it shouldn't be sent to him. That's $300,000. It's not a small amount of money. It's almost like entrapment. He's given some money and then three years later, not a month later, they suddenly find that, hey, you committed a criminal act. That, to me, does not provide the ingredients for a trial that allows both sides, particularly the defendant, to properly defend himself. On that note, I'm asking the court, based on those facts, that Mr. Jefferson, if not in acquittal, be given an opportunity, a new trial, to come back and properly and thoroughly defend himself. Thank you. Thank you. Our thanks to all counsel. The case is taken under advisement.